IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID PRIEST,<br><br>               Petitioner,<br><br>    vs.<br><br>D. K. SISTO, Warden, California State Prison, Solano,<br><br>               Respondent. | No. 2:08-cv-00292-TMB<br><br>ORDER |

       At Docket No. 12 this Court issued its Order to Show Cause why this matter should not be stayed pending the issuance of the mandate by the United States Court of Appeals for the Ninth Circuit in *Hayward v. Marshall*, 512 F.3d 536, *rehrg en banc granted*, 527 F.3d 797 (9th Cir. 2008), Case No. 06-55392.  Respondent concurs that this matter should be stayed.  Docket No. 13.  At Docket No. 14 Petitioner David Priest, a state prisoner appearing *pro se*, opposed staying this matter.

       In his petition Priest raises a single issue: his due process rights were violated when the parole board denied him parole based solely on the facts of the underlying conviction.  In opposing entry of an order staying this action Priest contends that the law is well-settled and delay awaiting the decision in *Hayward* will cause him irreparable injury, *i.e.*, continued wrongful imprisonment.

       This Court is not unmindful of the decision of the California Supreme Court in *In re Lawrence*,[1] which strongly supports Priest's position.  This Court cannot, however, grant relief unless the decision of the state court being reviewed in this case was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the

---

[1] 190 P.3d 535 (Cal. 2008); *see also In re Shaputis*, 190 P.3d 573 (Cal. 2008).

evidence presented in the State court proceeding."[2] The Supreme Court has explained that "clearly established Federal law" in § 2254(d)(1) "refers to the holdings, as opposed to the dicta, of [the Supreme Court] as of the time of the relevant state-court decision."[3] Thus, where holdings of the Supreme Court regarding the issue presented on habeas review are lacking, "it cannot be said that the state court 'unreasonabl[y] appli[ed] clearly established Federal law.'"[4] Whatever view the California Supreme Court may have construing Federal law, no matter how persuasive, is irrelevant in a federal habeas proceeding.[5]

Contrary to Priest's contentions, the law concerning the extent of the reliance by the parole board on the facts of the underlying conviction constitutes a denial of due process is far from "well settled." Squarely before the en banc panel in *Hayward* is whether the *dicta* in *Biggs v. Terhune*,[6] "[a] continued reliance in the future on an unchanging factor, the circumstances of the offense and conduct prior to imprisonment, runs contrary to the rehabilitative goals espoused by the system and could result in a due process violation," is, or should be, the *Federal law* of the circuit. Whatever the decision reached in *Hayward* may be, this Court will be bound by that decision,[7] not the decision of the California Supreme Court in *Lawrence*.

The Court is also not unmindful of the potential adverse impact that staying this action may have on Priest. On the other hand, any ruling in his favor by this Court more likely than not would be appealed to the Ninth Circuit, which is itself holding cases in abeyance pending the decision in *Hayward*.

---

[2] 28 U.S.C. § 2254(d); *Williams v. Taylor*, 529 U.S. 362, 405–406 (2000); *see Lockyer v. Andrade,* 538 U.S. 63, 70-73 (2003) (explaining this standard).

[3] *Williams v. Taylor*, 529 U.S. at 412.

[4] *Carey v. Musladin*, 549 U.S. 70, ___, 127 S.Ct. 649, 654 (2006) (alterations by the Court); *see Wright v. Van Patten*, 552 U.S. ___, ___, 128 S.Ct. 743, 746-47 (2008) (per curiam).

[5] The Court also notes that not only was *Lawrence* decided after the final state court decision in this case, but in deciding *Lawrence*, the California Supreme Court was relying upon the California Constitution and statutes. It does not appear from the opinion or the authorities cited that it was based upon Federal law as determined by the United States Supreme Court.

[6] 334 F.3d 910, 916–17 (9th Cir. 2003)

[7] *See Miller v. Gammie*, 335 F.3d 889, 899–900 (9th Cir.2003) (en banc).

IT IS THEREFORE ORDERED THAT this matter is stayed pending the issuance of the mandate by the United States Court of Appeals for the Ninth Circuit in *Hayward v. Marshall*, 512 F.3d 536, *rehrg en banc granted*, 527 F.3d 797 (9th Cir. 2008), Case No. 06-55392.

Dated:  December 31, 2008.

                                              s/ Timothy M. Burgess
                                              TIMOTHY M. BURGESS
                                              United States District Judge